IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ABRAHIM BUSH ABRAHIM MANAGO, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>C. CARTER, Warden, FCI-Leavenworth; )<br>RICARDO WONG, Field Office Director, )<br>   ICE ERO Chicago; )<br>TODD LYONS, Acting Director, )<br>   Immigration and Customs Enforcement; )<br>KRISTI NOEM, Secretary, )<br>   Department of Homeland Security; and )<br>PAMELA BONDI, Attorney General, )<br>)<br>Respondents. )<br>)<br>_____)  | Case No. 25-3183-JWL |

## **MEMORANDUM AND ORDER**

On September 3, 2025, petitioner, through counsel, filed a petition for habeas corpus under 28 U.S.C. § 2241, in which he challenges his detention by immigration officials after he was granted withholding of removal to his native country of Sudan. The same day, petitioner also filed a motion for a temporary restraining order (TRO), by which he seeks an order requiring adequate notice before removal to a third country (Doc. # 3). Although Fed. R. Civ. P. 65(b) authorizes the issuance of a TRO without notice to the opposing party, the Court granted respondents until noon on September 4, 2025, to file a response, and respondents did file a response opposing the motion. Petitioner then filed a reply brief the same day. Having considered the parties' arguments, the Court concludes that petitioner

has not shown that the Court should grant emergency relief in this case, and therefore the Court in its discretion **denies** the motion.

The Court first addresses the scope of the injunction sought by petitioner.  In the petition, petitioner requests that the Court enjoin his "transfer or removal from the District of Kansas during the pendency of this case," although he has not supported that request with any argument.  In his motion, petitioner states that he seeks a TRO to "preserve the status quo in this matter pending a hearing" on the petition and to preserve the Court's jurisdiction.  In his supporting brief, however, petitioner makes no argument concerning the need to prevent mere transfer out of the district or to prevent removal generally; rather petitioner states that he seeks "extremely narrow" relief, namely preserving the status quo and preventing his deportation without due process before his petition may be considered.  In that brief, he argues only about the need for process before being removed to a third country; and he relies heavily on the opinion in *D.V.D. v. United States Department of Homeland Security*, 778 F. Supp. 3d 355 (D. Mass. 2025), *appeal filed* (1st Cir. Apr. 22, 2025), *stay granted*, 145 S. Ct. 2153 (June 23, 2025), in which the court, after certifying a class, enjoined the removal of any alien class member to a third country without written notice and an opportunity to seek protection under the Convention Against Torture (CAT). *See id.* at 392-93.  He explicitly states that by his motion, "he seeks only reasonable notice and a chance to have any fear claim heard by an immigration judge before he is removed." Similarly, petitioner concludes his reply brief by stating that the Court should enjoin his "removal without adequate notice or process pending the resolution of his habeas case." Accordingly, the Court treats the motion as requesting only that limited relief regarding

2

notice and an opportunity to object, and not also requesting an injunction against the mere transfer of petitioner outside this judicial district or requesting an injunction against his removal generally.[1]

The parties agree that to obtain a TRO, a movant must make the same showing required to obtain a preliminary injunction. *See Carpenters Pension Trust Fund of Kansas City v. Industrial Maintenance of Topeka, Inc.*, 2023 WL 1394884, at *1 n.1 (D. Kan. Jan. 31, 2023) (courts in this district apply the same procedures to TRO motions and motions for preliminary injunction). Thus, a movant must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the [movant] is entitled to such relief." *See id.* at 22. With respect to the second requirement,

---

[1] As the Court recently ruled in another case, *see Abedi v. Carter*, No. 25-3141, Order (Doc. #7) at 2-5 (D. Kan. Aug. 5, 2025) (Lungstrum, J.), a broader injunction would not be warranted. An injunction against mere transfer outside the district is unnecessary because this Court would retain jurisdiction over the petition in that event. *See Lowmaster v. Director, Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) (Lungstrum, J.) (quoting *Santillanes v. United States Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)). Moreover, an injunction generally prohibiting the government from removing petitioner would effectively constitute a challenge to the government's authority to remove petitioner, and therefore it is not sufficiently clear that the Court would have jurisdiction to issue such an injunction. *See Alegria-Zamora v. United States Dept. of Homeland Sec.*, 2018 WL 1138280, at *2 (D. Kan. Mar. 2, 2018) (request for order restraining removal in effect sought review of a removal order, which the court lacks jurisdiction to do under 8 U.S.C. § 1252).

3

the movant must show that irreparable injury is likely in the absence of an injunction; the mere possibility of future harm is not enough. *See id.*

In opposing the motion, respondents begin by arguing that the Court lacks jurisdiction to issue the requested injunction because claims under the CAT may not be reviewed by a district court. The Court is not persuaded that it lacks jurisdiction here, however, as petitioner has not asserted any claim for review of any determination made relating to application of the CAT. Resspondents have not addressed the reasoning of the court in *D.V.D.*, which rejected these same jurisdictional arguments. *See D.V.D.*, 778 F. Supp. 3d 370-78. The Court need not decide this issue, however, because even assuming that it has the necessary jurisdiction, the Court concludes that the requested emergency relief is not warranted here.

In his initial brief, petitioner argues that he is likely to succeed on the merits of his claim. In making that argument, petitioner relies primarily on *D.V.D.*, in which the court concluded that the petitioners would likely succeed on the merits of their claim that due process requires notice and opportunity to raise issues under the CAT before removal to a third country. *See id.* at 387-91. The problem for petitioner here, however, is that he has made no similar claim in this case; rather he claims in the petition only that his detention beyond the presumptively-reasonable period of six months is improper under the Supreme Court's *Zadvydas* framework and that he was not granted a required review of his detention status. In his reply brief, petitioner argues that the Court should consider the likelihood of his prevailing on his claim under *Zadvydas*, but that claim involves only the issue of whether he should be released or detained pending removal, and is not related to any

4

procedures by which he might be actually be removed. Thus there is a fatal disconnect between the claims asserted and the petition and the relief sought in the TRO motion, which means that petitioner has not shown a likelihood of success on a claim that would entitle him to the relief he seeks in the motion.

In addition, in citing the *D.V.D.* case in his brief, petitioner neglected to address the fact that he is a member of the non-opt-out class certified by the court in that case, and that he is therefore covered by the preliminary injunction that the district court issued and that is now on appeal before the First Circuit. The Court agrees with respondents that it should refrain from issuing any injunction that could ultimately conflict with the outcome of that case. Petitioner notes in his reply that the court in *Nguyen v. Scott*, 2025 WL 2419288 (W.D. Wash. Aug. 21, 2025), rejected that same argument against a TRO. *See id.* at *20. In doing so, however, the *Nguyen* court noted that its petitioner's claims were not identical to the claims in *D.V.D.*, as the petitioner was requesting an opportunity to seek withholding of removal, while *D.V.D.* involved claims relating to the CAT. *See id.* In this case, petitioner has made no claim relating to notice and opportunity prior to removal, as discussed above; but the TRO he seeks appears to be identical to the one granted in *D.V.D.* Thus, *Nguyen* is inapposite in this regard, and the Court is disinclined to issue the same injunction as the one issued by the *D.V.D.* court that already covers petitioner.

Petitioner, in citing *D.V.D.* in his initial brief, also failed to mention that the Supreme Court has stayed the injunction issued in that case during the pendency of further

5

appeals. *See* 145 S. Ct. 2153 (June 23, 2025).[2] In his reply brief, petitioner again cites *Nguyen*, in which the court dismissed the Supreme Court's order in *D.V.D.* as one that did not decide the merits but that merely granted a stay application without analysis. *See Nguyen*, 2025 WL 2419288, at *22-23. By that stay, however, the Supreme Court sent a strong signal that temporary injunctive relief of the type sought here is not appropriate.[3] Thus, for that reason as well, the Court declines to issue the requested TRO.

Finally, petitioner has not shown that he would likely suffer irreparable harm if emergency relief is not granted as requested. Again, as discussed above, petitioner must show more than a mere possibility of harm. Petitioner has not shown that his imminent removal to a third country – let alone his removal without any notice or opportunity to raise CAT issues – is likely. Indeed, he argues in his petition that he should be released because there is no significant likelihood of removal in the reasonably foreseeable future. He suggests in a footnote in his brief that those positions are not necessarily contradictory because immigration officials have "shown the ability to rush noncitizens onto planes and out of the country when they wish." That fear does not push the harm to petitioner beyond the speculative, however. The Court also notes that petitioner did not seek any such emergency relief from a court in the many months since he was granted withholding of removal to Sudan, even though he has since faced the same risk that officials would remove

---

[2] In its citation to *D.V.D.*, petitioner improperly failed to include relevant subsequent history.

[3] Two justices of the Supreme Court recently stressed that district courts must follow that Court's precedent set in such orders granting stays. *See National Institutes of Health v. American Public Health Ass'n*, __ S. Ct. __, 2025 WL 2415669, at *3 (Aug. 21, 2025) (Gorsuch, J., and Kavanaugh, J., concurring in part and dissenting in part).

him to a third country without advance notice; that failure belies any belief that the requested relief is needed on an emergency basis.

For these reasons, the Court is not persuaded that the extraordinary remedy of a TRO is warranted in this case. Accordingly, the Court in its discretion denies petitioner's motion.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion for a temporary restraining order (Doc. # 3) is hereby **denied**.

IT IS SO ORDERED.

Dated this 5th day of September, 2025, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge
